United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 31, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50299
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR TAVAREZ-MODESTO, also known as Cesar Tavarez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-03-CR-303-1
--------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Cesar Tavarez-Modesto ("Tavarez") appeals his conviction and sentence for possession with intent to distribute more than 100 kilograms of marijuana. Tavarez argues that the district court abused its discretion by admitting evidence of his prior arrest for possession of marijuana pursuant to FED. R. EVID. 404(b). Tavarez additionally asserts that the district court erred by applying a three-level enhancement to his sentence for his being a manager or supervisor. For the first time on appeal, Tavarez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the application of the three-level enhancement was unconstitutional under Blakely v. Washington, 124 S.Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005).

Because Tavarez asserted that he was accidentally present at the scene of the crime, his intent was at issue and the admission of evidence of extrinsic acts could therefore be relevant to intent. See United States v. Wilwright, 56 F.3d 586, 589 (5th Cir. 1995). As the prior arrest and the charged offense both involved Tavarez's intent to smuggle marijuana near Presidio, Texas, the evidence was relevant to an issue other than character. See United States v. Gordon, 780 F.2d 1165, 1173 (5th Cir. 1986); United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

The facts surrounding the prior arrest and the charged offense were similar and involved the same intent. The district court issued a limiting instruction regarding the evidence of the prior arrest both at the time the evidence was presented and in the jury charge. Additionally, the presentation of the evidence of the prior arrest at trial did not occupy a significant portion of the trial, the prior arrest was not for a violent crime or a crime of greater magnitude than the charged offense, and the jury is presumed to have followed the district court's instruction limiting its consideration of the prior arrest. Accordingly, the prejudicial effect did not greatly outweigh the probative value. See United States v. Hernandez-Guevara, 162 F.3d 863, 872 (5th

Cir. 1998); United States v. Scott, 48 F.3d 1389, 1396-97 (5th Cir. 1995); Beechum, 582 F.2d at 914.  The district court did not abuse its discretion by admitting the evidence.  See Beechum, 582 F.2d at 911.

Following Booker, we continue to review the district court's application of the guidelines de novo and findings of fact for clear error.  See United States v. Villegas, __ F.3d __, No. 03-21220, 2005 WL 627963 at *2 (5th Cir. Mar. 17, 2005); United States v. Villanueva, __ F.3d __, No. 03-20812, 2005 WL 958221 at *9 n.9 (5th Cir. Apr. 27, 2005).  A district court's determination that a defendant qualifies for an adjustment based on his role in the offense pursuant to U.S.S.G. § 3B1.1 is a factual finding reviewed for clear error.  United States v. Miranda, 248 F.3d 434, 446 (5th Cir. 2001).

Given the evidence that Tavarez guided a group of people transporting marijuana and was to receive greater compensation than the others in the group, the district court did not clearly err by applying a three-level enhancement to Tavarez's sentence pursuant to U.S.S.G. § 3B1.1(b).  See United States v. Palomo, 998 F.2d 253, 257-58 (5th Cir. 1993); U.S.S.G. § 3B1.1, comment. (n.4).

Because Tavarez did not raise the Booker issue below, we review this issue for plain error only.  See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed, (U.S. Mar. 31, 2005)(No. 04- 9517).  Tavarez has not

demonstrated that the district court would have imposed a different or a lesser sentence if it had been guided by the <u>Booker</u> holding.  <u>See</u> <u>United States v. Bringier</u>, __ F.3d __, No. 04-30089, 2005 WL 730073 at *6 n.4 (5th Cir. Mar. 31, 2005). Therefore, Tavarez has not shown that his sentence is plainly erroneous.  <u>See</u> <u>Mares</u>, 402 F.3d at 521-22.

AFFIRMED.